[No. 3,518.]

GEORGE W. FRINK v. THEODORE LE ROY, ELBERT WISE, FRANCIS DU ROSE, WILLIAM BANKS AND JOSEPH DRYER.

EQUITY PROTECTS A MORTGAGEE IN POSSESSION.—If the owner of real estate mortgages the same to secure his debt, and the mortgagee forecloses, and after a decree of sale is entered the mortgagor and mortgagee make an agreement in writing, by which it is provided that an order of sale shall not issue for a period named, and that the mortgagee may enter into possession of the premises and collect the rents, and apply them to the satisfaction of the decree, the agreement amounts to an assignment

of the rents to the mortgagee during the period named, unless the decree is sooner satisfied, and, during said period, a Court of equity will not permit the mortgagor to assert his legal title, or to disturb the mortgagee in his possession.

IDEM.—Even if in such case the period named in the agreement has expired, a Court of equity will not, on account of that fact alone, while the debt remains unpaid, permit the mortgagor or his grantee to turn the mortgagee out of possession.

STATUTE OF LIMITATIONS AS TO MORTGAGEE IN POSSESSION.—If the mortgagee, after obtaining a judgment foreclosing his mortgage, by an agreement with the mortgagor, enters into the possession of the mortgaged property, and receives the rents and profits, and applies them towards the satisfaction of the amount due, and the mortgagee further agrees not to issue an order of sale, the statute of limitations does not run against the rights of the mortgagee, so long as the debt remains unpaid, and the parties acquiesce in the arrangment.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

On the 17th day of January, 1856, Samuel Philips, was the owner of a lot in the city of San Francisco, on the northwest corner of Battery and Sacramento streets, fronting forty-five feet and ten inches on Battery, and ninety feet on Sacramento street, and mortgaged the same to Eugene Ritter and Theodore Le Roy to secure his debt to Ritter in the sum of $27,000, and his debt to Le Roy in the sum of $8,000, and interest on said sums at one and three fourths per cent. per month. In 1859, Ritter and Le Roy obtained a judgment in the District Court, foreclosing the mortgage, and directing the mortgaged property to be sold to satisfy the sum of $39,284 39, then due on the mortgage. On the 12th day of March, 1859, the parties enter into the following agreement:

"In the District Court, Twelfth Judicial District, County of San Francisco.

"Louis E. Ritter and
    Theodore Le Roy
            v.
Samuel Phillips.

"In this cause the defendant having paid to the plaintiffs the sum of thirteen hundred and fifty dollars and twenty-five

cents, and having satisfied and paid the plaintiffs' attorney his fees in the cause, so that no charge is to be made by him against his clients, and also the defendant having paid to the plaintiffs' attorney one hundred and sixty dollars, the costs taxed in the cause; therefore, it is stipulated and agreed that the judgment for the two per cent. commission for counsel fee and costs taxed be satisfied to that extent, but remain in full force and effect for the thirty-nine thousand two hundred and eighty-four dollars and thirty-nine cents, with interest from the 5th day of March, A. D. 1859, as expressed in the judgment. And it is further agreed and stipulated that the plaintiffs will pay A. H. Houston the amount due him under the contract with defendant for grading the streets in front of the property mortgaged, and charge the amount paid against the payment by them received above and the rents to be hereafter collected by the said Le Roy. It is further stipulated and agreed, that Theodore Le Roy, one of the plaintiffs, is to have charge of the property mortgaged, and to have the right and power to collect the rents now due and to become due from the tenants, and to rent the property or any part of it as it becomes vacant, as fully and with the same right and power over the property as if it belonged to him and the other plaintiff; and at the end of each and every month, to apply the rents so by him to be collected to the payment of the interest due on the judgment in this cause above referred to amounting to thirty-nine thousand two hundred and eighty-four dollars and thirty-nine cents, and the surplus interest, after paying taxes, etc., to apply to the judgment. And it is further stipulated, that the order of sale or execution be and the same is stayed for the period of eighteen months from the 5th day of March, A. D. 1859, and at the end of that time, if the judgment or any part of it remains due and owing, that then an order of sale or execution issue in this cause to the Sheriff of this county, requiring him to sell the property mortgaged to pay the said judgment or amount due thereon, and that until the expiration of the said eighteen months this cause is continued."

"Dated March 12, 1859."                              (Signed.)

"It is further stipulated that Mr. Le Roy is to have four per cent. on the amount of rents collected by him under this stipulation.

"March 12, 1859."　　　　　　　　　　(Signed.)

On the 10th day of September, 1860, they made a second agreement, as follows:

"In the District Court, Twelfth Judicial District, in and for the County of San Francisco.

" Louis E. Ritter and
　　Theodore Le Roy
　　　　 *v.*
Samuel Phillips.

"The stipulation entered into on the 12th day of March, A. D. 1859, between plaintiffs and defendant, staying the order of sale on execution for the space of eighteenth months, having expired on the 5th of September, A. D. 1860, and the accounts and vouchers having been rendered to defendant according to said stipulation, the amount due to plaintiffs has been found to be thirty-five thousand four hundred and forty-two dollars and eighty-one cents ($35,-442 81), and the defendant being unable to pay said debt, has asked a further continuance of this cause for the period of twelve months, with the privilege of twelve months more, which request has been granted on the following terms:

" 1st. Theodore Le Roy shall have the management of the property, as provided in the stipulation of March 12, 1859, but his commission on rents and profits of said property shall be five (5) per cent. on the gross amount of receipts, instead of four per cent.

" 2d. From and after the 5th of September, 1860, the said Theodore Le Roy will keep two separate accounts, Nos. 1 and 2. Account No. 1 shall be charged with $35,000, amount due for principal. Account No. 2 will be charged with $442 81, balance of the amount due on the 5th of September. $35,442 81 total amount due on the 5th of September. Account No. 2 shall be credited with the rents, and charged with all expenses; as taxes, repairs, assessments,

commission on collection of rents, and generally all disbursements required for the management of the property, and also each month in advance, with the interest at one and one quarter of one per cent. ($1\frac{1}{4}$) per month on $35,000, unless said principal is reduced as hereinafter provided, and in case of any reduction of said principal, then with the monthly interest at $1\frac{1}{4}$ per cent. on the balance, and as soon as the credit balance of said account No. 2 shall amount to one thousand seven hundred and fifty dollars ($1,750), that is to say five (5) per cent. on the principal, said sum of $1,750 shall be divided between the plaintiffs, a *pro rata* of their respective interest in said principal, and said sum of $1,750 shall be deducted from the principal in account No. 1. And from the date of such repartitions, the monthly interest of $1\frac{1}{4}$ per cent. shall be counted only on the balance of principal, but it is understood that said repartitions or dividends shall never be less than $1,750 at one time.

"Defendant having carefully examined the accounts rendered to him up to September 5, 1860, and having found said accounts correct and faithful, binds himself never to dispute the same, said accounts being hereby finally settled.

"And it is expressly stipulated that the order of sale or execution be, and the same is hereby stayed for the period of twelve months from the 5th day of September, 1860, and at the end of that time, if any part of the judgment remains due and owing, then an order of sale on execution may issue in the cause to the sheriff of this county, requiring him to sell the mortgaged property to pay the amount due on the judgment; and that until the expiration of said twelve months this cause is continued.

"Dated in San Francisco, the 10th day of September, in the year of our Lord 1860."

Le Roy entered into possession of the premises under the first agreement, and collected the rents and took care of the property, and applied the net proceeds on the amount due on the judgment down to the time judgment was rendered in this action, to-wit, February, 10, 1872.

Le Boy, from time to time, accounted with Philips, and gave him statements of the rents received, sums paid out for taxes, repairs, etc., and of the amount due on the decree. On the 3d day of April, 1869, Philips conveyed to the plaintiff, Frink, a portion of the mortgaged premises fronting twenty-three feet and eight inches on Battery street, and sixty-three feet and four inches on Sacramento street.

Before the conveyance to Frink, Le Roy became the owner by assignment of the mortgage and judgment debt. Frink, on the 27th of January, 1870, commenced this action to recover possession of the premises thus conveyed to him. At the time the judgment in this action was rendered, there was due to Le Roy on the judgment debt, the sum of $23,-000. The defendants, other than Le Roy were his tenants. In their answer, the defendants plead the Statute of Limitations, and, by way of cross complaint, set up the mortgage, the judgment foreclosing the same, and the said agreement with Philips, and asked that the mortgaged premises be sold under the decree, and that the sum due Le Roy be paid out of the proceeds of the sale. They also asked, if this relief was denied them, that Le Roy be quieted in his title.

The plaintiff answered the cross-complaint, pleading the Statute of Limitations as to the right of Le Roy to have affirmative relief. The Court refused to grant the relief asked by the defendants, and rendered judgment for the plaintiff. The defendants appealed from the judgment and from an order denying a new trial.

*W. H. Patterson,* for the Appellants.

If Le Roy (the other defendants being his tenants) was not in possession as trustee, with a right to retain possession until his debt was paid or tendered to him, he had been holding adversely from September 5, 1861, to January 27, 1870, and the plea of the Statute of Limitations should have been sustained, and was a bar to the action of ejectment. (*Jackson* v. *Lodge,* 36 Cal. 47; *Espinosa* v. *Gregory,* 40 Cal. 58; *Cunningham* v. *Hawkins,* 24 Cal. 403.)

The contract by which Le Roy was to postpone the enforcement of his judgment of foreclosure, and in consideration thereof to have possession of the property, collect the rents and apply the same in liquidation of the debt, was an express continuing trust, not affected by the Statute of Limitations, and could not be terminated without payment of the debt, and judgment should have been rendered that the premises be sold, and the proceeds applied to the payment of the judgment. (*Seymour* v. *Freer*, 8 Wallace, S. C. U. S. R. 202, 203, 213, 214, 215, 216, 217, 218; *Legard* v. *Hodges*, 1 Vesey, Jr. 477, 478; *Power* v. *Bailey*, 1 Ball and Beatty, 52; 2 Cox, 233; 1 Vesey, Jr. 162; 4 Brown, 421; *Pinch* v. *Anthony et al.*, 8 Allen, Mass. 536, 539.)

*Delos Lake*, for the Respondent.

The judgment in favor of *Le Roy* v. *Philips*, for the foreclosure of the mortgage, was barred by the Statute of Limitations; so that, assuming that the Court had jurisdiction to execute the judgment of a Court of co-ordinate jurisdiction, there was no valid judgment to execute. (2 Hittell Dig. Ar. 4,359, Sec. 17; *Mann* v. *McAtee*, 37 Cal. 11; *Stout* v. *Macy*, 22 Id. 647; *Bowers* v. *Crary*, 30 Cal. 621.)

The case bears no analogy to that of a mortgagee in possession. The mortgage was extinguished by the decree. (*People* v. *Beebe*, 1 Barb. 379; *Mallory* v. *Leach*, 14 Abb. Pr. R. 449. See opinion of BOCKES, J., in this case and cases there cited. *Ketcham* v. *Crippen*, 37 Cal. 223, 226; *Bagley* v. *Ward*, 37 Cal. 122.)

If the stipulations were silent, as to the period during which the possession should be held, then Philips could terminate it at any time.

The Statute of Limitations could not run in favor of Le Roy's possession as suggested in the appellant's second point, for the reason that he was not only not holding adversely, but in strict subordination to, and in recognition of Philips' title. (*Brandt* v. *Ogden*, 1 John, 156; Tyler on Eject. p. 102, and cases there cited; *Jackson* v. *Parker*, 3 Johns. cases 124; 2 Hittel Dig. Art. 4,351, Sec. 9; *Bonnell* v. *Sharp*, 9 John. 161; 2 Greenleaf Ev. Title "Limitations," Sec. 430, and note.)

*W. H. Patterson* and *John B. Felton*, in reply.

The stipulations between Philips and Le Roy gave Le Roy a continuing right of possession of the premises in dispute—by virtue of these stipulations Le Roy became a trustee for all parties, and his right to continue in possession continued until the decree and mortgage were fully paid and satisfied.

Le Roy remained in possession for years, collecting rents and paying commissions, and rendering an account from time to time. Here is a construction put upon the contract by the parties, a construction acted on for ten years. But we contend that the clear language of these stipulations admits of no other construction than that acquiesced in for ten years by all the interested parties.

In the first place, the very object of these two stipulations was to make the property pay the decree and mortgage, and to return the property to the debtors. This object could only be carried out by leaving the property in the hands of the trustee until that object was accomplished. It would have been a great hardship to the debtors to have put any other construction upon the stipulations. They would have been obliged to lose their property.

There is no time fixed in the stipulation when Le Roy's right of possession should cease. The accomplishing the object for which that possession was given would, therefore, be the natural limit to his right of possession.

By the COURT:

The action is ejectment, and the title of the plaintiff is derived from one Philips, who, while the owner of the premises, executed and delivered to the defendant a mortgage thereof to secure a debt owing by him to the defendant. The mortgage was subsequently foreclosed by decree, but no sale of the mortgaged premises was had. Philips was indulged with further time to pay the mortgage debt, and the parties accordingly entered into a written agreement to the effect that the order of sale should not issue for the period of eighteen months, and, by a subsequent agreement in

writing, a further delay of twelve months was allowed. It was further agreed in writing between the parties that the defendant Le Roy should enter into the possession and control of the premises, collect the rents and apply them to the satisfaction of the decree. Le Roy accordingly entered, and has since remained in possession, pursuant to the agreement, and, after applying the rents, a large balance of the amount named in the decree remained unsatisfied at the time the present action was brought by the plaintiff, who had, in the meantime, received from Phillips a conveyance of the premises.

1. There is no doubt that during the periods of time limited in the agreements between the parties, those agreements operated an assignment to the defendant of the rents to be collected during the designated periods, so far as they might be necessary to satisfy the decree, and that during those periods unless the mortgage debt had in the meantime been paid, a Court of equity would not have permitted Philips to have broken his agreement with Le Roy, by the assertion of his legal title, or the disturbance of the latter in his possession taken under the agreement.

2. Nor do we see that the circumstance that the periods of time stipulated in the agreements themselves have long since expired can operate to change the relations of the parties, or render it more consonant to the principles of equity that Le Roy should now be turned out of possession, the debt being still unpaid.

Though no formal renewal of the agreement was made, the parties had acquiesced in its subsequent continuance to the time that the present action was brought. The statute of limitations can have no application to the rights of the parties in such a case.

It would hardly be claimed, for instance, that Philips, or the plaintiff as his grantee, would be barred of the right to resume the possession upon payment or tender of the balance of the mortgage debt, and it is not perceived that the equity of Le Roy, upon the other hand, to be maintained in possession until satisfaction of his debt, is less cogent, or has been lost, from the fact that for upwards of ten years

he has been in the actual possession of which he is now
sought to be deprived.

Judgment and order denying a new trial reversed, and
cause remanded for a new trial.   Remittitur forthwith.