[No. 6,179.]

# GRANT *v.* BURR ET AL.

DEED OF TRUST—MORTGAGE.—A deed of trust of land, authorizing the trustee, upon default of payment of a debt, to sell and convey the land described, is not a mortgage requiring foreclosure, but a conveyance of the legal title.

ID.—STATUTE OF LIMITATIONS—EQUITY.—The expiration of the statute time for bringing an action to recover a debt, or to enforce any personal obligation, does not operate as an *extinguishment* or *payment;* therefore, where the legal title of land has been conveyed to a trustee to secure a debt, the title and power of the trustee is not affected by the expiration of the period prescribed to bar the debt, and a Court of Equity will not interfere to enjoin a sale under the deed. The Statute of Limitations is to be employed as a shield, not as a sword; as a means of defense, not a weapon of attack.

APPEAL from an order dissolving an injunction, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

The complaint alleges that the plaintiff executed to the defendants, Burr and Dean, two certain deeds of trust, of date December 26th, 1867, and February 9th, 1869, conveying a certain tract of land, in trust, to secure the payment of two promissory notes of even dates, made to the defendant, the Savings and Loan Society, and authorizing the trustees to sell upon default; and that the trustees had advertised the land for sale; and prays for an injunction. The Court granted a preliminary injunction, which was afterward dissolved.

*Joseph M. Nougues,* and *Mich. Mullany,* for Appellant.

It seems to be now a well-settled rule of law that any conveyance of lands intended by the parties making it to be a security for the payment of money, constitutes a mortgage. (*Steel* v. *Steel,* 4 Allen, 415; 1 Washb. R. P. 479; *Lanfair* v. *Lanfair,* 18 Pick. 299.) Whether a conveyance be a mortgage or not is determined by its object. If given as security, it is a mortgage, whatever its form. This is so, whether the condition of defeasance form a part of the deed, or is evidenced by other writing, or exists in parol. The fact of its being given as security determines its character, and not the evidence by which the fact is established. (*Miami Ex. Co.* v. *Bank of U. S.*

Wright, 252; *Newman* v. *Samuels*, 17 Iowa, 586; *Woodruff* v. *Robb*, 19 Ohio, 212; Civ. Code, § 3528; *Eaton* v. *Whitney*, 3 Pick. 490; 1 Herman on Mort. §§ 113–14; *Perkins* v. *Dibble*, 10 Ohio, 439; 1 Powell on Mort. 9.) When it is once ascertained that the conveyance is to be considered and treated as a mortgage, then all the consequences appertaining in equity to a mortgage are strictly observed, and the right of redemption is regarded as an inseparable incident. (4 R. C. 143; 2 Story's Eq. § 1018 *et seq.*; 1 Herman on Mort. § 170.) Any agreement or stipulation cutting off the right of redemption has always been held to be utterly void. (1 Jones on Mort. § 7; Herman on Mort. §§ 31, 119, 120, 126; *Union Savings Bank* v. *Nolan*, No. 5604.) In this State the time for redemption has been fixed at six months after a sale under a decree of foreclosure. (Code Civ. Proc. §§ 702–3.)

*Cowles & Drown*, for Respondents.

The deeds of trust were not mortgages, but conveyed the title. (*Koch* v. *Briggs*, 14 Cal. 261; *Barr* v. *Schroeder*, 32 Cal. 614–15; *Fuquay* v. *Stickney*, 41 Id. 587; *Whitmore* v. *S. F. Savings Union*, 50 Cal. 150; Hitt. Dig. 675; Civ. Code, §§ 857, 863; *Moore* v. *Lessee of Burnett*, 11 Ohio, 334; *Morris* v. *Way*, 16 Id. 469; *Turner* v. *Johnson*, 10 Id. 208; *Cormerais* v. *Genella*, 22 Cal. 124; Civ. Code, § 854, subd. 1, § 863; 2 Washb. on R. P. 80–2, 3rd ed.; *Crittenden* v. *Johnson*, 11 Ark. 103–4; *Marvin* v. *Titsworth*, 10 Wis. 320–8; *Soutter* v. *Miller*, 15 Fla. 627; *McKnight* v. *Wimer*, 38 Mo. 136; *Heard* v. *Baird*, 4 Miss. 796; *Brisbane* v. *Stoughton*, 17 Ohio, 488; *Petit* v. *Johnson*, 15 Ark. 60; *Reece* v. *Allen*, 5 Gilm. 236; *Bradley* v. *Chester Val. R. R. Co.* 36 Penn. St. 153–4; *Newman* v. *Jackson*, 12 Wheat. 572; *Wilkins* v. *Wright*, 6 McLean, 340; *Taylor* v. *Stearns*, 18 Gratt. 277–8; *Sims* v. *Hundley*, 2 How. (Miss.) 898, 901; *McGuire* v. *Van Pelt*, 55 Ala. 352; 2 Jones on Mort. §§ 1770–4; K. C. 140; 1 Powell on Mort. 9*a* and note; 2 Jones on Mort. § 1722; *Sampson* v. *Pattison*, 1 Hare, 533.)

But even in the case of a mortgage with a power of sale running to the mortgagee, there need be no foreclosure, but sales

may be made, and in the absence of irregularity or bad faith they will convey the title. (*Fogarty* v. *Sawyer*, 17 Cal. 593; *Jackson* v. *Lodge*, 36 Id. 60; *Wilson* v. *Brannan*, 27 Id. 270; *Cormerais* v. *Genella*, 22 Id. 116; Civ. Code, §§ 858, 2932; *Kinsley* v. *Ames*, 2 Met. 29; 1 Hill on Mort. 129; 2 Washb. R. P. 72; 2 Jones on Mort. §§ 1764.)

If foreclosure is absolutely required, the sale by the trustees can create no cloud.

Department No. 1, McKINSTRY, P. J.:

1st. The instrument annexed to the complaint, and marked " Exhibit D," is a deed of trust, which authorizes the trustees therein named to sell and convey the lands described, upon default in the payment of the note or interest, and is not a mortgage requiring judicial foreclosure. (*Koch* v. *Briggs*, 14 Cal. 256.) The doctrine of *Koch* v. *Briggs* has never been overthrown by subsequent decisions.

2nd. Appellant's second point is, that the promissory note " C " —secured by the deed, " D "—was barred by limitation before " default " was declared by the Board of Directors of the Savings and Loan Society, and that all remedy against the security for its payment became barred with the note.

Section 17 of the Statute of Limitations, which was in operation before the Codes, provided that actions could " only be commenced " within the periods mentioned. (Hittell's G. L., p. 635.) The provision of the Code of Civil Procedure is: " The periods prescribed for the commencement of actions are \* \* \* within *four* years, an action upon any contract, obligation, or liability, upon any instrument in writing," etc. The Statute of Limitations is to be employed as a shield, and not as a sword; as a means of defense, and not as a weapon of attack. It is true that *Arrington* v. *Liscom*, (34 Cal. 365) has sometimes been supposed to hold the contrary. But *Arrington* v. *Liscom*, was, in effect, an action by one in possession to *quiet title*, under the 25th section of the former Practice Act. The plaintiff's possession established his case *prima facie*, and—as against the assertion by the defendant of a right to the possession—plaint-

iff was permitted to rely upon his five years *adverse* possession. In that case Mr. Justice Sawyer used the language following: " *Whatever may be true of personal contracts*, it certainly cannot be said with reference to realty, in view of the authorities cited, that the statute only takes away a remedy, or that a right —a title—is not *practically* extinguished as to one party and acquired by the other. The five years adverse possession, *practically at least*, is conclusive evidence of title in the possessor." Undoubtedly, as that case was presented, and for all " practical " purposes, it was immaterial whether the five years adverse. possession was treated as operating a transfer of the title of the defendant to the plaintiff, or considered as creating an estoppel to the assertion of the defendant's right to the possession. And the learned judge in terms reserved any expression of opinion as to the effect of the statutory limitations upon contracts relating to personalty.

It has never been held that the expiration of the statute time for bringing an action to recover a debt, or to enforce any personal obligation, operated either an *extinguishment* or *payment*. Such a result cannot be derived from the language of our statute, the reason or policy of the law, or the decisions of courts in this State or elsewhere. The contrary has been often held ; and, by our established rules of pleading, the limitation must be specially pleaded or it is waived.

No action has been commenced upon the promissory note. The present plaintiff, however, who has transferred the legal title to the lands conveyed as security for the payment of an indebtedness, which has never been satisfied in whole or in part, comes into equity to ask that the sale by the trustees under the power conferred by his deed be enjoined, without tendering payment; but, on the contrary, (since he asks that the debt be held to be extinguished) boldly avowing his intention never to pay.

Order affirmed.

McKEE, J., and Ross, J., concurred.