FEE ET AL., respondents, *v.* SWINGLY ET AL., appellants.

MORTGAGES — *Mortgagee's right to possession — Ejectment — Evidence.* — Although Code Civil Procedure Montana, section 359, provides that "a mortgage of realty shall not be deemed a conveyance, whatever its terms, so as to enable the mortgagee to recover possession of the realty without foreclosure and sale," yet where the mortgagor, after the maturity of the mortgage, gives the mortgagee permission to enter, the mortgagee may rightfully do so and hold possession until the debt is paid. So, in an action of ejectment, defendant, claiming to be a mortgagee in possession under such consent, may introduce the mortgage in evidence as preliminary to show the consent to enter.

SAME — *Default of payment.* — Code Civil Procedure Montana, section 359, providing that a mortgage of realty shall not be deemed a conveyance, whatever its terms, so as to enable the mortgagee to recover possession without foreclosure and sale, *held* a conveyance in trust to secure a mortgage giving the trustee full power to convey the property to the *cestui que trust* or mortgagee, upon default in the payment of the debt, does not entitle the *cestui que trust* or mortgagee to the possession of the land without foreclosure and sale.

*Appeal from First District, Silver Bow County.*

ROBINSON & STAPLETON, for the appellants.

KNOWLES & FORBIS, for the respondents.

BACH, J.   This is an action of ejectment.   The complaint contains allegations usual in such actions.   The answer of defendant Kleinschmidt denies that the defendant ever took possession of the property without the consent of the plaintiffs, and avers that he took possession with their full knowledge and consent.   The answer contained other matter, which was stricken out on motion of plaintiffs, to which ruling defendant excepted.   The error complained of in that regard has been waived.   The court below, upon hearing the evidence, gave judgment for the plaintiffs.   The appeal is from the judgment alone.

After plaintiff had established a *prima facie* case and rested, the defendant, Albert Kleinschmidt, offered in evidence a deed from the plaintiff to Reinhold Kleinschmidt of the property in question.   The deed contained the following, after the *habendum* clause, to wit: " This conveyance is upon the following conditions, use and trusts, to wit: that whereas said parties of the first part are indebted to A. Kleinschmidt in said sum named herein, if the said parties of the first part shall well and truly pay to said A. Kleinschmidt said sum, together with four per cent. per month interest thereon, on or before the 1st day of October, 1872, then this conveyance shall be void, and said property herein conveyed to be exempt from the operation hereof; but, in default of such payment as aforesaid, or any part of said sum, then said party of the second part, said trustee, is authorized to convey said property herein conveyed, and every part thereof, to said *cestui que trust*, said A. Kleinschmidt, and to execute all needful conveyances to such end and purpose, hereby ratifying and confirming all lawful acts of said trustee in and about the premises."

The plaintiffs objected to the introduction of the deed in

evidence.   The court sustained the objection.   The defendant excepted.   The bill of exceptions is signed by the justice who presided at the trial and is a part of the judgment roll.

If the trust deed had been offered in evidence to prove the therein implied consent of the plaintiff that defendant might have possession, and to prove no other consent, then the ruling of the court would have been proper, for that deed is a mortgage under our laws.   Section 359 of the Code of Civil Procedure provides: " A mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without foreclosure and sale."   The state of Oregon has a law similar to this in all respects, except the words " whatever its terms " do not occur in that statute, and the words " according to law " are added thereto.   The supreme court of the United States has passed upon the Oregon statute and the interpretation of that court is binding upon us.   The case referred to is *Teal* v. *Walker*, 111 U. S. 242.   The facts in that case are about as follows, omitting all facts irrelevant to the case at bar: On October 18, 1876, Goldsmith owed Walker $96,750, and, to secure the payment of that sum, Goldsmith and Teal conveyed by deed absolute on its face, to Hewitt, certain lands of which they were tenants in common.   On the same day Walker, Goldsmith, Hewitt and Teal executed a defeasance, which declared that Hewitt held the legal title to the lands so conveyed in trust, and for the uses therein described, as follows: Subject to the legal title of Hewitt, Teal and Goldsmith alone shall have possession of the lands, etc., until the said note shall become due, and remain unpaid thirty days; and that if such default is made in the payment of said note, etc., Goldsmith and Teal will and shall surrender to Hewitt the possession of said property, etc.; and then there follows a provision for the sale of the property.   Mr. Justice Woods discusses, in a very elaborate manner, the former theories of the rights of the mortgagee to

the rents and profits of the property, subject to the mortgage, after breach; but, confining ourselves to the decision as it applies to this case, the following extracts will show the interpretation of the Oregon statute: On page 246 the court say: "A deed absolute upon its face, but intended as a security for the payment of money, is a mortgage, even at law;" and on page 247: "We are therefore to apply the same rules to the question arising in this case as if we had to deal with a mortgage."

The evident purpose of our statute was to make a mortgage a security only, and also to protect the debtor while borrowing money on such security. It would be contrary to sound justice to allow the will and intent of the legislature to be destroyed by the substitution of one name for another in a conveyance. The deed in this case was given to secure a debt. Such an instrument is a mortgage under our statute. *Teal* v. *Walker*, just cited. But section 359 declares that a mortgage shall not be deemed a conveyance, whatever its terms may be, so as to enable the mortgagee to recover possession of the property without foreclosure and sale. So that no deed executed by the trustee would entitle the defendant to possession of the property without a foreclosure and sale.

But there is another view of this case. If the plaintiff and her husband, during his life-time, and after the mortgage was due, gave the defendant permission to enter upon the premises, then defendant would be a mortgagee in possession with the consent of the mortgagor; that consent would be subsequent to the mortgage and would not be a part of the terms thereof, and section 359 would not apply. A mortgagee in possession of the mortgaged premises, after condition broken, and with the consent of the mortgagor, is entitled to the possession until the debt is paid. In *Teal* v. *Walker*, above cited, the court held that the mortgagee was not entitled to recover the rents and profits accruing after a breach but while the mortgagor was in possession. It does not touch the case where the mortgagor has given up pos-

session to the mortgagee after condition broken. If a mortgagee, with the consent of the mortgagor, after mortgage debt is due, enters into the possession of the property, the mortgagor cannot eject him until the debt is paid. The rule of a mortgagee in possession applies. *Frink* v. *Le Roy*, 49 Cal. 321; *Hubbell* v. *Moulson*, 53 N. Y. 225; 13 Amer. Rep. 519, and cases cited.

Section 221 of the code provides that, in certain cases of foreclosure, a receiver may be appointed. This is a *quasi* holding by the mortgagee, but it does not conflict with section 359, because the possession of the receiver is not by virtue of any terms in the mortgage. See section 702, Jones, Mortg. After mentioning the effect of statutes similar to section 359 of our code, the learned author says: " But even under such statutes it is generally held that a mortgagee, who has gone into peaceable possession of the premises after a default, cannot be ejected by the mortgagor while the mortgage remains unsatisfied." See, also, *Hennesy* v. *Farrell*, 20 Wis. 42; *Roberts* v. *Sutherlin*, 4 Or. 219.

The defendant in this case denies that he occupied the premises without the consent of plaintiffs, and avers that he had the full consent of the mortgagors, of whom the plaintiff was one. That he was the mortgagee was a preliminary step to proving this consent. We think, therefore, the court erred in excluding the testimony offered. It tended to establish the allegation of the answer, and should have been admitted.

Judgment of the court below is reversed, and the cause remanded for a new trial.

*Judgment reversed.*

WADE, C. J., and McLEARY, J., concur.