[No. 14075.   In Bank. — March 25, 1891.]

# MINNIE SPECT, RESPONDENT, v. LOU G. SPECT, APPELLANT.

FINDINGS — FAILURE TO FIND UPON AFFIRMATIVE DEFENSE — INSUFFICIENT REASONS OF TRIAL COURT — PRESUMPTION UPON APPEAL FROM JUDGMENT. — Where the trial court gives as its reason for not making findings upon material issues presented by an affirmative defense that such findings were immaterial, it will be presumed on appeal from the judgment that evidence was introduced at the trial sufficient to support the allegations of the answer, and the failure to find thereon is ground for reversal of the judgment.

EJECTMENT — EQUITABLE DEFENSE — MORTGAGEE IN POSSESSION. — In an action of ejectment by the grantee of a mortgagor against a mortgagee in possession, an answer alleging the mortgage, and showing that possession was taken under it by consent of the mortgagor, and that the mortgage debt remains unpaid, sets forth an equitable defense, which, if sustained by the proofs, is sufficient to defeat the action.

ID. — UNPAID DEBT BARRED BY STATUTE. — A mortgagor who has placed his mortgagee in possession of the mortgaged premises cannot maintain ejectment against him while the debt for which the mortgage was given remains unsatisfied, even though an action by the mortgagee for the recovery of the debt is barred by the statute of-limitations.

MORTGAGE — POSSESSION OF MORTGAGEE — PAROL AGREEMENT — SPECIAL SECURITY. — The mortgagor may at any time give possession to the mortgagee by parol agreement, and such possession becomes a special additional security for the debt, not dependent upon the right of foreclosure, but depending solely on the existence of the debt.

APPEAL from a judgment of the Superior Court of Colusa County.

The facts are stated in the opinion of the court.

*B. F. Howard,* and *S. G. Tompkins,* for Appellant.

After the court below found that defendant was in possession, its refusal to find whether the defendant had a mortgage lien on the demanded premises or not was error; for if defendant is a mortgagee, under the circumstances it should be imposed as a condition to plaintiff's obtaining relief that she first satisfy defendant's lien. (*Booth* v. *Hoskins,* 75 Cal. 271.)

*H. M. Albery,* and *W. G. Dyas,* for Respondent.

The transactions claimed to be a mortgage do not provide for the possession of the land in controversy by appellant, the supposed mortgagee; hence it is immaterial whether it is a mortgage or not. A mortgage, to entitle a mortgagee to possession, must so provide. (*Smith* v. *Smith,* 80 Cal. 326; *Raynor* v. *Drew,* 72 Cal. 309; Civ. Code, sec. 2927.)

HARRISON, J.—The defendant in her answer to a complaint in ejectment, which was in the ordinary form, denied all its allegations, and "for a separate and equitable defense to plaintiff's action, and for the purpose of obtaining equitable relief herein," alleged that in October, 1875, Jonas Spect, who was then the owner and in possession of the demanded premises, conveyed the same to one Montgomery; that in October, 1876, said Jonas Spect borrowed from the defendant the sum of $2,200, and executed to her his promissory note therefor; that on the second day of January, 1877, he procured said Montgomery to convey the demanded premises to her, and that at the same time, and as a part of the same transaction, an agreement was entered into between herself and said Jonas Spect, declaring that said conveyance was made as security for the payment of said promissory note; "that by virtue of said conveyance from Montgomery, and said agreement, and by the consent of said Jonas Spect, defendant took possession of the demanded premises, and has ever since remained, and is now, in actual possession of the same, claiming them as her own; that no part of said $2,200 has ever been paid, principal or interest, but the whole thereof is now due and unpaid, amounting to $5,632"; and prayed judgment that plaintiff's complaint be dismissed. The action was tried by the court, and judgment rendered for the plaintiff. The court made findings of the facts alleged in the complaint, and incorporated therein the following statement, with

reference to the equitable defense set up in the answer: "The court declines to find on the fact whether or not defendant has a mortgage lien on the premises in controversy, for the reason that the court is of the opinion that it is not necessary for the disposition of the issues involved in this case to find upon that matter, this being an action of ejectment, and the only question involved being the right to the possession of the premises described in plaintiff's complaint." The defendant has appealed directly from the judgment, and presents as a ground for its reversal that the court failed to find upon the issues presented by her equitable defense.

Inasmuch as the court gives as its reason for not making findings upon these issues that such findings were immaterial, we must assume that evidence was introduced at the trial sufficient to support the allegations, and therefore the rule announced in *Himmelman* v. *Henry*, 84 Cal. 104, has no application. If the facts alleged by the defendant constitute a defense to the cause of action set forth in the complaint, they presented material issues upon which the court should have made findings, and a failure to do so was error which will require a reversal of the judgment.

The court does not find by what means the plaintiff became the owner of the demanded premises, but as it is alleged in the equitable defense above named that Jonas Spect was the owner at the time he made the conveyance to Montgomery, we must assume that the plaintiff's title is derived under him, and is therefore subject to whatever incumbrance was created by the foregoing acts in favor of the defendant, and that the plaintiff can assert no greater rights to the premises than could Jonas Spect himself, were he the plaintiff herein. It may also be assumed, although it does not appear in the record that such point was presented to the court below, that the defendant's right of action upon the debt for which this mortgage was given to her was barred by the statute of limitations.

The question to be determined is, Can a mortgagor, who has placed his mortgagee in possession of the mortgaged premises, maintain ejectment against him while the debt for which the mortgage was given remains unsatisfied, even though an action by the mortgagee for the recovery of the debt is barred by the statute of limitations?

Section 2927 of the Civil Code declares that "a mortgage does not entitle the mortgagee to the possession of the property, unless authorized by the express terms of the mortgage; but after the execution of the mortgage the mortgagor may agree to such change of possession without a new consideration."

The right of the mortgagee to take possession of the mortgaged premises does not depend upon the statute. The mortgagor could at all times, even by a parol agreement, give to his mortgagee this additional security. (*Fogarty* v. *Sawyer*, 17 Cal. 589; *Edwards* v. *Wray*, 11 Biss. 251.) In taking such possession, the mortgagee does not thereby acquire any estate in the land, or obtain for his mortgage any higher character, or any different or greater protection, than it would otherwise have possessed. In any action to enforce the mortgage, or to collect the debt for which it was given as security, the mortgagee has no additional rights by reason of the fact that he is in possession of the mortgaged premises with the consent of the mortgagor. Such possession does, however, give him rights in addition to those conferred by the mortgage. It is an additional security for the debt, which he is entitled to retain in accordance with the terms under which it was received. This right to retain the possession of the land is not coincident with a right to foreclose his mortgage, or dependent upon such right, but depends solely upon the existence of the debt. The possession of the land is a special security for the debt, distinct and separate from the mortgage, which has been conferred by an act of the debtor, and the right to

retain the same is independent of and distinct from any right springing from the mortgage. A mortgage is defined by section 2920 of the Civil Code to be "a contract by which specific property is hypothecated for the performance of an act, without the necessity of a change of possession." The use of the term "hypothecate" signifies that possession is not an incident of the mortgage, and that the *fact* of possession is entirely distinct from the *contract* of hypothecation. When, therefore, in addition to the contract of hypothecation, the debtor gives to his creditor the possession of the mortgaged premises, he thereby, in addition to the mortgage which he has executed, also pledges the land to him as security for the debt, and confers upon him such rights as are incident to a pledge.

The common law recognized this species of landed security. It was there called *vadium vivum*, as distinguished from the *vadium mortuum*. This is defined by Chancellor Kent to be: "when the creditor takes the estate to hold and enjoy it without any limited time of redemption, and until he repays himself out of the rents and profits. In that case the land survives the debt, and when the debt is discharged, the land, by right of reverter, returns to the original owner." (4 Kent's Com. 137; 2 Bl. Com. 157; Co. Lit. 205 a.) The holding of the land in pledge is like the holding of any other pledge. Until the debt is repaid the owner of the pledge cannot recover it from the creditor. The holder of personal property given as security for a debt is entitled to retain the same from the owner until the debt is satisfied, even though the statute of limitations has barred all right of action to recover the debt. (*Jones* v. *Merchants' Bank,* 4 Rob. (N. Y.) 221.) Under the same principle the mortgagee in possession is entitled to retain such possession until the debt is paid. "The mortgagee's right, being in possession, to defend himself against an ejectment by the mortgagor, is but a right to retain the pos-

session of the pledge for the purpose of paying the debt. Such a right is but the incident of the debt, and has no relation to a title or estate in the lands." (*Kortright* v. *Cady*, 21 N. Y. 364; 78 Am. Dec. 255.) "On the same principle that the party who holds goods in pledge for a debt may retain those goods, even after an action at law upon such debt has been barred, the party who has got rightful possession of land mortgaged may retain possession thereof until his debt is paid, although he can bring no action to enforce the debt." (*Henry* v. *Confidence M. Co.*, 1 Nev. 622.) In *Dutton* v. *Warschauer*, 21 Cal. 625, 82 Am. Dec. 765, it is said: " When possession is taken by the mortgagee after condition broken, by consent of the mortgagor, it will be presumed, in the absence of clear proof to the contrary, to be with the understanding that the mortgagee is to receive the rents and profits, and apply them to the payment of the debt secured. There is, indeed, no other good reason why the mortgagee should be let into possession in preference to any other party, and unless a limitation to the period of possession is fixed at the time, it will be considered as extending until the satisfaction of the debt. Having thus entered, the mortgagee can hold against the mortgagor, and all others, until such satisfaction is obtained."

The rights which grow out of the relations existing between mortgagor and mortgagee, as well as the remedies for the enforcement and protection of those rights, are of equitable origin, and are to be determined by the principles of equity, whether the right be asserted or the remedy sought in an action at law or in equity. These principles, when once established, become the guidance of courts of law as well as of equity, even in those countries where the tribunals of law and equity are distinct. It was said by Lord Redesdale: "The distinction between strict law and equity is never in any country a permanent distinction. Law and equity are in continual pro-

gression, and the former is constantly gaining ground upon the latter.   A great part of what is now strict law was formerly considered as equity, and the equitable decisions of this age will unavoidably be ranked under the strict law of the next."   Section 307 of the Code of Civil Procedure declares: " There is in this state but one form of civil actions for the enforcement or protection of private rights and the redress or prevention of private wrongs."   While all distinctions in the *form* of actions are abolished, yet the principles upon which the rights of parties are to be determined remain to guide the judgment of the court.   Courts look to the substantial rights of the parties for the purpose of determining the remedy to which they are entitled, irrespective of the form of the complaint under which the remedy is sought. Whenever a mortgagor seeks a remedy against his mortgagee, which appears to the court to be inequitable, whether it be to cancel the mortgage as a cloud upon his title (*Booth* v. *Hoskins*, 75 Cal. 271), or to enjoin a sale under the power given by him in the security (*Grant* v. *Burr*, 54 Cal. 298), or to recover from the mortgagee the possession of the mortgaged premises, the court will deny him the relief he seeks, except upon the condition that he shall do that which is consonant with equity.

In accordance with these principles, it is a settled rule that a mortgagor cannot maintain ejectment against his mortgagee until the debt is paid.   (*Phyfe* v. *Riley*, 15 Wend. 248; 30 Am. Dec. 55; *Hubbell* v. *Moulson*, 53 N. Y. 225; 13 Am. Rep. 519; *Fee* v. *Swingly*, 6 Mont. 596; *Roberts* v. *Sutherlin*, 4 Or. 220; *Cooke* v. *Cooper*, 18 Or. 142; *Frink* v. *Le Roy*, 49 Cal. 314; *Tallman* v. *Ely*, 6 Wis. 244; *Brinkman* v. *Jones*, 44 Wis. 512; *Sahler* v. *Signer*, 44 Barb. 614; *Madison Avenue Church* v. *Oliver St. Church*, 73 N. Y. 82; *Den* v. *Wright*, 7 N. J. L. 175; 11 Am. Dec. 546; *Wells* v. *Van Dyke*, 109 Pa. St. 335; *Duke* v. *Reed*, 64 Tex. 705; Jones on Mortgages, sec. 715.)

The debt is not satisfied or paid by mere lapse of

time.    The statute of limitations is a bar to the remedy only, and does not extinguish, or even impair, the obligation of the debtor.    It is available in judicial proceedings only as a defense, and can never be asserted as a cause of action in his behalf, or for conferring upon him a right of action.    It is to be used as a shield, and not as sword.    "It has never been held that the expiration of the statutory time for bringing an action to recover a debt, or to enforce any personal obligation, operated either as an extinguishment or payment.    Such a result cannot be derived from the language of our statute, the reason or policy of the law, or the decisions of courts in this state or elsewhere." (*Grant* v. *Burr*, 54 Cal. 301.)

The mortgagee, after the mortgage debt has been barred by the statute of limitations, cannot by any affirmative proceedings on his part invoke the aid of the court for the collection of the debt; but if the mortgagor has placed him in the possession of the land mortgaged, he does not lose the right thus conferred upon him, and can resist any action by the mortgagor to deprive him of this security.    In *Frink* v. *Le Roy*, 49 Cal. 314, a decree of foreclosure and sale of the mortgaged premises was entered in 1859.    Thereupon Le Roy, one of the mortgagees, took possession of the premises under an agreement between the parties that he might do so, and apply the rents to the satisfaction of the judgment.    In 1870, Frink, who had succeeded to the interest of the mortgagor in the premises, brought an action in ejectment against Le Roy for their recovery. Le Roy, in his answer, by way of equitable defense, set up the mortgage, the judgment foreclosing the same, and the agreement under which he had taken possession. To this defense the plaintiff pleaded the statute of limitations.    Upon an appeal from a judgment in favor of the plaintiff, the supreme court held that the statute of limitations had no application, and that Le Roy's right

to remain in possession under the agreement was not affected by it, saying that "the equity of Le Roy to be maintained in possession until satisfaction of the debt is not lost from the fact that for upwards of ten years he has been in the actual possession of that of which he is now sought to be deprived." In *Hubbell* v. *Moulson*, 53 N. Y. 225, 13 Am. Rep. 519, it was held that the mortgagor could not maintain an action in ejectment against the mortgagee for the mortgaged premises, even though he could prove at the trial that the mortgagee had received from the lands sufficient rents and profits to satisfy the debt ; that such receipt did not *ipso facto* satisfy the mortgage and discharge its lien, but was in the nature of an equitable set-off to the amount due upon the mortgage debt, and that until after a judicial determination had been had upon an accounting in equity, and the application of these receipts decreed by the court in satisfaction of the debt, the mortgage was not satisfied.

Section 346 of the Code of Civil Procedure provides that "an action to redeem a mortgage of real property, with or without an account of rents and profits, may be brought by the mortgagor, or those claiming under him, against the mortgagee in possession, or those claiming under him, unless he or they have continuously maintained an adverse possession of the mortgaged premises for five years after breach of some condition of the mortgage." If the mortgagor could maintain ejectment against his mortgagee after the debt for which the mortgage was given had become barred by the statute of limitations, he would have no need to bring an action to redeem the mortgage; and if the mortgagee had maintained an adverse possession of the mortgaged premises for five years after the breach of some condition of the mortgage, such adverse possession would be a complete defense to the action of ejectment. Mere lapse of time does not constitute adverse possession, but if the mortgagor could maintain ejectment as soon as the right of

action upon the debt were barred by the statute of limitations, the provisions of this section would be meaningless.

It follows, from a consideration of the principles which we have herein stated, that the equitable defense alleged by the defendant was, if sustained by proofs, sufficient to defeat the plaintiff's right of recovery, and that the failure of the court to make findings upon the issues so presented was error, for which the judgment must be reversed, and it is so ordered.

McFARLAND, J., SHARPSTEIN, J., PATERSON, J., DE HAVEN, J., GAROUTTE, J., and BEATTY, C. J., concurred.

Rehearing denied.