GALLATIN COUNTY, appellant, *v.* BEATTIE, respondent.

CONSTRUCTION OF REVENUE LAW — *mortgage* — *record*. A mortgage on real estate is only personal property, and under the Revenue Law of Montana (Codified Laws of 1871-2) can only be assessed in the county where found. The record of such mortgage in the recorder's office of a county, being only a copy of the original, is not taxable personal property.

### *Appeal from First District, Gallatin County.*

THE action was tried by BLAKE, J., without a jury, and judgment was entered for Beattie.

J. G. SPRATT, district attorney, first district, for appellant.

SANDERS & CULLEN, for respondent.

KNOWLES, J. The complaint in this action charges that certain mortgages valued at $1,900 were in the said county of Gallatin, Montana Territory, and were properly levied upon and assessed by the assessor of said county. The defendant in his answer denies that the said property is or ever was in Gallatin county, and alleges that the said assessor made up his assessment list, so far as this property is concerned, from the records of the county recorder of said Gallatin county, and avers that he never gave in said property to be listed for taxation, to said assessor. The replication to defendant's answer admits that the assessment was made on certain mortgages of record in the recorder's office for said county. It is also alleged in the answer and admitted in the replication that the defendant is a resident of Lewis and Clarke county.

There is nothing in the proof that tends to show that, at the time of the assessment of said taxes on said property, the said mortgages were in said county. This, under the pleadings, plaintiff was required to prove. The testimony shows that the assessment was made from the county recorder's books, wherein said mortgages had been recorded. The finding, number *three*, of the court below was in accordance with this testimony.

Section *seven* of the Revenue Law for this Territory (Codified Laws for 1871–2, page 603) provides: "All personal property shall be listed, assessed and taxed in the county where the same may be found, unless the owner or agent produce a receipt or certificate from the tax collector or assessor, showing that he has paid tax or been assessed for taxation on said property in some other county of the Territory for the same year."

Taking this section in connection with section *fourteen* of the same act, and I may add, the whole scope of the statute upon revenue, where it relates to the assessment of property, and it is evident that it was not intended to give the assessor of any county authority to assess property not in his county. To allow an assessor to assess any property but what he finds in his county would produce endless confusion in our revenue system and occasion much vexation and oppression. It will be seen by the section above cited that there is a limitation even upon the power of the assessor to assess all the personal property found in his county. If property has been listed and assessed in another county he is not to assess it. The reason of this limitation, undoubtedly, is because it may occur, and does frequently occur, that property which has been listed and assessed in one county may be removed therefrom to another county during the same fiscal year, and it would be unjust to make it contribute to governmental support in more than one county. But it does not follow that because an assessor cannot assess property in his county, upon which taxes have been paid in another county, although found there, that he can assess property in any other, although it may not have been assessed in the county where it is. For certain purposes counties are quasi-corporations, and for the purposes of supporting the corporate functions they exercise,

collect revenue. It would be an oppression to allow one corporation to assess the property of another corporation for the purpose of carrying forward its corporate enterprises.

A mortgage is a security for a debt. It retains no life when the debt is extinguished. It creates no estate in real property. *Mack* v. *Wetzlar*, 39 Cal. 247. The equity doctrine is that the mortgage is a mere security for the debt, and only a chattel interest. 4 Kent's Com. 174. In regard to mortgages we have followed the decisions of the courts of California, from which State we borrowed our statutes upon that subject. The rule established by the courts of that State upon this subject is the equity rule. A mortgage being a mere chattel like any other personal property is subject to taxation in the county where it is found. The record of a mortgage is not the mortgage itself, or any more than any other copy would be. The mortgages in this case, not having been found in the county of Gallatin during the fiscal year that they were listed and assessed there, the assessor had no right to list and assess them, for they were not subject to taxation in that county. The assessment of them was therefore void, and this action has no foundation to rest upon. The judgment of the court below is affirmed with costs.

*Judgment affirmed.*