THE STATE, ANNA MARIA CRISPIN ET AL., PROSECUTORS, v. RYNEAR VANSYCKLE, COLLECTOR, &c.

1. Land-owner claimed exemption and obtained deduction because of a mortgage on his land, to secure a bond payable to five persons, conditioned to pay to each $1000 at the death of a certain person who was living at the time of the assessment. One of the mortgagees had sold and assigned all his interest in the mortgage; three of the persons named as mortgagees in the assessment resided out of the State of New Jersey. *Held*, as to them the assessment should be wholly set aside.

2. The remaining mortgagee resided in the State of New Jersey. *Held*, that as to him the assessment should stand only for the true value of his interest, to be ascertained by the table of mortality, upon expectancy of life of him who was to receive the interest during life.

On *certiorari*. In matter of tax.

Argued at November Term, 1886, before Justices REED, MAGIE and PARKER.

For the prosecutors, *Lewis Van Blarcom.*

For the collector, *C. J. Roe.*

The opinion of the court was delivered by

PARKER, J. The writ in this cause brings here an assessment for taxes, of which the following is a copy, viz. : "Anna Maria Crispin, formerly Anna Maria Wilson, Samuel H. Wilson, Emma Elizabeth Mitchell, formerly Emma Elizabeth Wilson, Obed W. Wilson, who has assigned his interest to Abram H. Wilson and Elsie Decker, formerly Elsie Wilson, three of whom reside in New Jersey, duly recorded in the Sussex county clerk's office, in Book S of Mortgages, page 56, &c. Joint mortgage, against Moses W. and George W. Northrup, lands adjoining T. F. Young and others, in Green township, Sussex county. Five thousand dollars. Total tax, $40."

The mortgage on which the assessment was based was given on said lands by one Lewis Wilson, a former owner, on the 19th day of March, 1858, to the persons named in the said assessment, to secure a bond, the condition of which is as follows, viz. : "That if the above-bounden Lewis Wilson, his heirs, executors and administrators, or any of them, shall and do well and truly pay or cause to be paid unto the above-mentioned Anna Maria Wilson, Samuel H. Wilson, Emma Elizabeth Wilson, Obed W. Wilson and Elsie Wilson, or to their certain attorney, executors, administrators or assigns, the just and full sum of five thousand dollars, being one thousand dollars each, lawful money aforesaid, and to become due and payable immediately after the decease of the said Lewis Wilson, with interest for the same at the rate of six per cent. per annum, from and after his said decease until paid."

At the time the assessment in question was made, Mrs. Crispin resided in the State of Wisconsin, Mrs. Mitchell in the State of California, and Mrs. Decker in the State of New York.

Obed W. Wilson had previously assigned his interest in said bond and mortgage to Abram H. Wilson, by deed of assignment, duly recorded.

At the date of the assessment, May 20th, 1885, the said

Lewis Wilson was living, aged sixty-two years, in health, and having an average expectancy of life.

Samuel H. Wilson, one of the mortgagees, appeared before the commissioners of appeal in cases of taxation, at their regular meeting in November, 1885, and for himself and the other prosecutors claimed that the tax was wrongfully assessed—first, because his three sisters resided out of the State of New Jersey; secondly, because his brother, Obed W. Wilson, had assigned all his interest in said mortgage before the date of the assessment; and thirdly, because the assessment on his (Samuel H. Wilson's) interest therein was not on the true value thereof.

The said Samuel H. Wilson also claimed, before the commissioners, that the assessment, if otherwise legal, was erroneous because it should have been made severally, on the interest of each one assessable, and not jointly.

It is clear that the assessment against Obed W. Wilson is erroneous, because at its date he had no interest in the mortgage or the debt secured thereby, he having previously transferred all his right by deed of assignment.

Three of the prosecutors resided out of the State of New Jersey at the time of the assessment. As to those the assessment is illegal. To authorize an assessment on a mortgage and the debt secured thereby the land-owner must first claim deduction and have it allowed by the assessor. The act of 1876 provides that where there is a deduction and an allowance made by the assessor, the mortgage or debt secured thereby shall be assessed for taxation and collected, for the township where the land is situated, from the mortgagee, and in case of non-payment, the name of the delinquent shall be delivered to a justice of the peace of the county where the delinquent resides, who shall proceed to have the tax collected. Where the mortgagee resides out of the state the land-owner is not entitled to a deduction, and the interest of the mortgagee is not assessable. *State, King, pros.*, v. *Manning*, 11 *Vroom* 461.

The condition of the bond shows that the money was to be

paid to the obligees, severally, the sum of $1000 to each, at the death of Lewis Wilson. The interest of each in the money secured by the mortgage was specified therein. Their interest was not joint, and if one had paid tax on the whole, without direction of the others, he could not have enforced contribution from the others. There should have been a separate assessment on the interest of each, liable to be taxed.

None of the prosecutors were legally assessable except Samuel H. Wilson, and there is also error in the assessment against him, because his interest in the mortgage and the debt secured thereby was not assessed at the true value thereof. At the time of the assessment, neither the principal or interest of the mortgage, or any part thereof, were payable to him, nor would either be payable to him until the death of Lewis Wilson.

In *Wyckoff* v. *Jones*, 10 *Vroom* 650, this court decided that where a bond and mortgage were given to executors, conditioned for the payment of interest to a widow during her life, and of the principal to the executors at her death, the executors were taxable for such bond and mortgage, at the present value of the principal, computed according to the rules of the Court of Chancery. The court, in that case, said : " The security represents two funds—one the property of the widow, which is her right to have the interest annually during her life, and the other the property of the executors, and consisting of their right to have the principal at her death. The principal as to the beneficiaries must lie barren during the life of the widow, and is not equivalent to so much money in hand. The statute requires property to be taxed at its full and actual value, according to its true value, by recent amendments to the constitution. The tax should therefore be imposed against the executors on the value of the principal, on the legal day of assessment, and if counsel cannot agree upon that, a commission of this court will ascertain it, using for that purpose the rules of the Court of Chancery. To that extent the tax is affirmed, and as to the surplus it is set aside."

The result in this case is that as to all the prosecutors, except Samuel H. Wilson, the assessment must be wholly set aside, and as to him it should stand for the true value of his interest in the mortgage on the day of the assessment, based upon the expectancy of life of Lewis Wilson—such value to be ascertained by the table of mortality used in this state for the ascertainment of value upon expectancy of life.

The prosecutors are entitled to costs.

The decision in this case is not to affect the right of the township authorities to apply to this court, under the act of March 23d, 1881, in reference to the interest in said mortgage of Abram H. Wilson, assignee of Obed W. Wilson.