## No. 10,978.

### THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY VS. BOARD OF ASSESSORS.

Foreign companies, being required in order to carry on business in this State, to have an authorized agent upon whom process may be served, do not, in appointing a board of directors to act as their agent, localize their business any more than those companies which manage their affairs through agencies not organized into boards.

The duties of each agency being about the same.

A non-resident creditor of a State can not be said to be, in virtue of a debt which a resident owes him, a holder of property within its limits. The credit is *not* within the State's jurisdiction, and of no value to the debtor, and is not property within the State, but property of the creditor, taxable at his place of residence.

Tangible movable property may be taxed where situate under a special statute which provides for its taxation.

Insurance Co. vs. Board of Assessors.

A PPEAL from the Civil District Court for the Parish of Orleans.
*King, J.*

*E. W. Huntington* and *Horace L. Dufour* for Plaintiff and Appellee:

1. The *situs* of a debt as property is at the domicil of the creditor. Burroughs on Tax., p. 186; Cooley on Tax., ch. 1, pp. 14-15; 15 Wall. 319; 100 U. S. 496; 41 An. 646-1015.
2. A foreign company does not cease to be a foreign corporation by having an authorized agent or place of business in this State. Art. 236, Const. 1879; 41 An. 1015.
3. A tax on premiums or gross receipts of an insurance company is an income tax, not allowed by our State Constitution. Burroughs on Tax., p. 159, Sec. 82; Id., p. 160; 42 An. 429; 35 An. 825; 35 An. 655; 43 Mo. 479-491; Dubuque vs. N. W. Ins. Co., 29 Iowa.
4. There is no law in Louisiana authorizing the imposition of an income tax, nor making any provision for its enforcement. 35 An. 825; 42 Fed. Rep. 90.

*Carleton Hunt*, City Attorney, for Defendants and Appellants:

Under Section 7 of Act 106 of the Acts of 1890, the Liverpool and London and Globe Insurance Company is liable to taxation, at lawful rates, on $50,000, being the assessed value of their credits and money actually in hand or in the possession of the company when the assessment was laid.

It is true that the doctrine of the international jurists, in relation to the *situs* of movables, forms part of the *jus gentium*, but this statement is, beyond all doubt, to be accepted subject to the limitation that there is no positive law to the contrary of the country where the property involved happens in point of fact to be. For, if there is, the law of the owner's domicil must necessarily yield to the law of the place where the property is actually situated. Burroughs on Taxation, Secs. 40, 41, 42; 2 Jones Equity; 21 Vermont, 161; 47 M. 600; 29 Cal. 533; 40 M. 580; 14 Kan. 602; 40 Ill. 198; 2 Duer, 110; 3 N. Y. 390; 100 Mass. 538; 19 Mass. 144.

*E. A. O'Sullivan*, City Attorney, and *Henry Renshaw*, Assistant City Attorney, on the same side, on Application for Rehearing:

The rule *mobilia sequentur personam* may be modified by the Legislature. It has been so modified. Sec. 7 of Act No. 106 of General Assembly of Louisiana of 1890.

This statute is a lawful exercise of the legitimate power of the State. 2 Jones Eq. (N. C.) Rep. 51; 21 Vermont Rep. 152; 47 Mo. Rep. 600; 29 Cal. 534; 40 Mo. 580; 14 Kan. 602; 40 Ill. 198; 100 Mass. 538; 10 Wall. 573; 19 Wall. 499.

Plaintiff is liable to the jurisdiction of the State through its agent, and also through its property. See following acts of Legislature of Louisiana, viz.: No. 21 of 1877; No. 76 of 1886, Sec. 13; and No. 85 of 1888, Secs. 54 and 55. See also C. P. 246.

Attachment or seizure may be made without manual caption of the visible evidences of the credit. 11 Wall. 268; 15 Wall. 599.

The opinion of the court was delivered by

BREAUX, J.    This suit is brought by the Liverpool and London and

Globe Insurance Company for the cancellation of an assessment against the company for the taxes of 1891, which reads as follows:

"Money loaned on interest, *all credits* and all bills receivable for money loaned or advanced or for goods sold, $40,000.

"Money in possession, on deposit or in hand, $10,000."

It is admitted by the plaintiff company that it has the above amount of cash and open accounts in this city.

The validity of the assessment is denied; also the legality of the tax claimed.

The grounds of defence are:

That the premiums of insurance companies are its income and that no law authorizes the imposition of an income tax nor makes any provision for its assessment and collection.

That the cash, open accounts, credits, premiums or gross receipts due by insurers in this State, or collected from insurers in other States, are not taxable in this State, as they are not retained at the office of the company, but are forwarded to the main office at its domicil in Great Britain, where they can be taxed.

The evidence discloses that plaintiff is a foreign insurance company, carrying on business in this city, through the agency of a secretary and a local board of directors; that the functions of this board and of said officer are the collection of premiums and the payment of losses.

The answer of the defendant pleaded the general issue.

The District Court decreed that the assessment of 1891 (on money loaned on interest, all credits and all bills receivable for money loaned or advanced or for goods sold) of $40,000 is null and void, and that the assessment of 1891, against plaintiff, on money in possession, on deposit or in hand to the amount of $10,000 shall remain undisturbed and in full force and effect.

The appellee, in answer to the appeal, prays that the judgment be amended by striking out and annulling the assessment against the company for the year 1891, for $10,000 on money in possession, on deposit and in hand, and that the judgment of the District Court as thus amended be affirmed.

The assessment was levied under Act 106 of the Acts of 1890, the Section 7 of which provides that: In assessing mercantile firms, the purpose of the act is that such value shall be placed upon the stock in trade or cash, whether borrowed or not, money at interest, open

accounts, credits, as will represent in their aggregate a fair average on the capital, both cash and credit, employed in the business of the party or parties.

It is also provided in this section of the act that non-residents carrying on business in this State through agents shall pay a similar tax to that exacted of residents, and this section further provides that all bills receivable, obligations or credits arising from business done in this State is assessable at the business domicil of the non-resident owner, his agent or representative.

*Business residence:* The defendant urges upon our consideration that the London and Liverpool and Globe have here a business residence, an independent centre of business represented by a local board of directors made up of well known residents of the city; that they direct the affairs of the company and are paid for so doing.

The testimony shows that the local board and the secretary conduct the affairs of the plaintiff company in New Orleans under the direction of the head office; that the members of the board are paid ten dollars for each meeting they attend.

Foreign companies are required to have, in order to carry on business in this State, one or more known places of business, and an authorized agent or agents in the State upon whom process may be served. Instead of carrying on business through a personal agency the London and Liverpool and Globe has a board of directors and secretary, appointed by itself.

The business carried on by this board does not have the effect of localizing the company itself to a greater extent than if the business were conducted by an agency not organized into a board.

The premiums of foreign companies are all collected through local agencies, and the losses are adjusted by these agencies.

Whether represented by a board of their selection or by agents, they remain foreign companies, and in so far as relates to residence the same rule applies.

The companies are the owners of the assets. Payments of losses made here in cash, or by drafts sent by the home companies, do not change their status, in so far as relates to a business residence.

*Debts to foreign companies not taxable:* With reference to the first heading of the assessment, the evidence shows that plaintiff has no money loaned on interest, nor bills receivable for money loaned, nor credits for goods sold.

The issues are limited to all credits assessed for premiums due.

A debt to a non-resident of a State is not liable to be taxed by a State in which he does not reside.

His credits are not within the State's jurisdiction.

They are of no value to the debtor.

All the value there is in them belongs to the creditor, and is taxable at his domicil. Cooley on Taxation, 2d Ed., p. 21; 15 Wall. 300, 319; 11 Allen, 268; 4 Woods, 206; 43 Maine, 497; 11 New York, 563; 7 Minn. 198; 21 Vt. 152; 47 Conn. 477.

All corporations are taxable on property within the State. Debts are not property when the creditor is not a resident of the State.

"We conclude," says Burroughs, p. 59, "that the *situs* of personal property for the purpose of taxation depends in a great measure upon the nature of the property."

As to debts a number of trustworthy decisions hold that—

"Corporations, it is also conceded, may be taxed like natural persons on their property and business, but debts owing to foreign *creditors, either corporations or individuals, are not the subject of taxation.*

"The creditor *can not* be taxed, because he is not within the jurisdiction, and the debts *can not* be taxed in the debtor's hands through any fiction of the law, which is to treat them as being for this purpose the property of debtors. *They are not the property of the debtors in any sense;* they are the obligations of the debtor, and only possess value in the hands of the creditors. *With them they are property,* but to call them property in the hands of the debtors is simply a misuse of terms." 27 Grat. 344; 11 Allen, 268; 67 Ga. 489; 22 Fed. Rep. 602; 106 Ill. 25; 100 U. S. 496.

"The mere right of a foreign creditor to receive from his debtor within the State the payment of his demand can not be subjected to taxation within the State." Cooley on Taxation, p. 15.

The proposition of counsel for defendant that the statute, No. 106 of 1890, under which the taxes here claimed are levied, authorizes the taxation of credits held by non-residents is true.

The statute must be applied in so far as relates to tangible movables belonging to non-residents, and as to them the general rule recognized by the comity of States, *mobilia personam sequuntur*, must yield.

The Supreme Court of the United States says upon that subject:

" It is undoubtedly true that the actual *situs* of personal property which has a visible and tangible existence, and not the domicil of the owner, will in many cases determine the State in which it may be taxed. The same thing is true of public securities, consisting of State and municipal bonds and circulating notes of banks; these by general usage have acquired the character of, and are treated as, property in the place where they are found, though removed from the domicil of the owner." 15 Wall. 300.

We are dealing exclusively with the question of credits as assessed, and we hold as decided in 41 An. 645, 1015, "that debts have their *situs* at the domicil of the creditor," because debts are property and have a value, which is inseparable from the creditor, and because the State has no greater power or jurisdiction to tax debts due to non-resident creditors than it has to tax any other personal property of such non-residents which is not situated in the State.

The want of jurisdiction and power would render it useles to maintain the general rule applying to tangible movables.

*Situs of the capital for taxation purposes:* With reference to the second heading of the assessment, " Money in Possession," the evidence shows that plaintiff is correctly assessed. It is property within the State, and subject to taxation. It is visible and tangible, and expressly made taxable by statute, and is taxable where situated.

The authorities we have referred to as maintaining that *debts* can not be assessed against non-residents have established the rule that non-residents owning tangible and movable property within the State may be taxed.

Judgment affirmed at appellant's costs.