HOLLAND, APPELLANT, *v.* BOARD OF COMMIS-
SIONERS OF SILVER BOW COUNTY, RE-
SPONDENT.

[Submitted March 5, 1895.    Decided March 11, 1895.]

MORTGAGES—*Nature of.*—Under section 371 of the Code of Civil Procedure, which
declares that a mortgage of real property is not a conveyance which will en-
able the owner to take possession without foreclosure and sale, the instrument
creates no estate in land, but is restricted to purposes of security, and is sub-
ject to the doctrines of equity. (*Fee* v. *Swingly,* 6 Mont. 596; *First Nat.
Bank* v. *Bell etc. Min. Co.,* 8 Mont. 32; *Gallatin Co.* v. *Beattie,* 3 Mont. 173,
cited.)

SAME—*How regarded for purposes of taxation.*—A mortgage regarded as collateral
security belongs to the owner of the debt, and is deemed to have no *situs* ex-
cept that of the domicile of the owner, and, if owned by one not a resident of
the state, is-not property in the state, subject to taxation, within the meaning
of the revenue act of 1891, and can be assessed only at the domicile or place of
residence of the creditor, without regard to the domicile of the debtor. (*Berry*
v. *Commissioners,* 6 Mont. 121, cited.)

*Appeal from Second Judicial District, Silver Bow County.*

ACTION for fees of assessor. Judgment was rendered for
the plaintiff by McHATTON, J., in the court below. Affirmed.

Statement of the case by the justice delivering the opinion:
The plaintiff and appellant, Holland, was, in 1891, the
assessor of Silver Bow county. As such assessor, in the year
1891, he returned his assessment, amounting to $32,043,606,
including the assessment on all mortgages, deeds of trust, con-
tracts, and other obligations by which any debt was secured,
and which remained unsatisfied on the records of the recorder's
office of Silver Bow county, and which was not barred by the
statute of limitations at 12 o'clock M. on the first Monday in
March, 1891. On October 6, 1891, the board of county com-
missioners struck from the assessment-roll the sum of $11,783,-
007, on the ground that the assessment list included mortgages
for that amount which belonged to nonresidents of the state,
and for that reason were improperly assessed. The assessor
claimed his compensation on the total assessment made by him.
The commissioners disallowed the sum of $2,945.75 of his
account, that sum being the commission charged on the mort-
gages held by nonresidents, which the commissioners struck
from the roll.

The plaintiff appealed to the district court. There was a trial without a jury. The court found that $11,783.007 of the assessment was upon mortgages owned by nonresidents, and that by the law the plaintiff could not recover compensation upon such assessment. There was some correction made by the court so that plaintiff recovered a judgment for $10.27.

A motion for new trial was overruled, and plaintiff appeals.

*Stephen De Wolfe,* for Appellant.

*Henri J. Haskell, Attorney General,* and *M. L. Wines,* for Respondent.

HUNT, J.—The principal question for decision is: Under the revenue law of 1891, was a tax imposed on mortgages, deeds of trust, and other instruments for the security of debts, when such securities were owned and held by nonresidents of the state?

It is well settled in this state that under section 371 of the Code of Civil Procedure, which declares that a mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without foreclosure and sale, the character of the instrument is restricted to purposes of security, and is subject to the doctrines of equity. (*Fee* v. *Swingly,* 6 Mont. 596; *First Nat. Bank* v. *Bell etc. Co.,* 8 Mont. 32; 1 Jones on Mortgages, §§ 20, 39.)

In *Gallatin County* v. *Beatty,* 3 Mont. 173, the assessor of Gallatin county assessed certain mortgages in that county to a resident of another county. Justice Knowles says: "A mortgage is a security for a debt. It creates no estate in real property. The equity doctrine is, that the mortgage is a mere security for the debt, and only a chattel interest. In regard to mortgages, we have followed the decisions of the courts of California, from which state we borrowed our statutes upon that subject. The rule established by the courts of that state upon this subject is an equity rule. . . . . The record of a mortgage is not the mortgage itself, or any more than any other copy." (*McMillan* v. *Richards,* 70 Am. Dec. 655.)

Regarding a mortgage, therefore, for the purposes of taxa-

tion, as nothing more than a collateral security, depending upon some outside obligation to secure which it is given, it is established by the great weight of authority that the mortgage belongs to the owner of the debt, and passes with the debt to any lawful holder thereof. (*Attorney General* v. *Supervisors,* 71 Mich. 31.) The debt, therefore, if owned and controlled by one not a resident of the state, is not "property in the state subject to taxation," as provided by the revenue act of 1891, but can be assessed only at the domicile or place of residence of the creditor, without regard to the domicile of the debtor. (Cooley on Taxation, 63; *Eells* v. *Holder,* 2 McCreary, 622; *Grant* v. *Jones,* 39 Ohio St. 514; *State* v. *Van Syckle,* 8 Atl. Rep. 120; *Mayor etc. of Baltimore* v. *Hussey,* 9 Atl. Rep. 19; *City of San Francisco* v. *Mackey,* 22 Fed. Rep. 602; *State* v. *Darsey,* 16 Atl. Rep. 161; *St. Paul* v. *Merritt,* 7 Minn. 258; *Board of Commissioners* v. *Cutter,* 3 Col. 349; *Worthington* v. *Sebastian,* 25 Ohio St. 1; *Insurance Co.* v. *Assessors,* 44 La. Ann. 760; *Goldgart* v. *People,* 106 Ill. 25; *Foresman* v. *Byrns,* 68 Ind. 247; 1 Desty on Taxation, 62, 330; *People* v. *Eastman,* 25 Cal. 603; *State Tax on Foreign Held Bonds,* 15 Wall. 300; *People* v. *Smith,* 88 N. Y. 577; *Territory* v. *Delinquent Tax List,* 24 Pac. Rep. 182; *De Vignier* v. *City,* 4 Wood, 206; *Commonwealth* v. *Chesapeake etc. R. R. Co.,* 27 Gratt. 344.)

The appellant seeks to distinguish the foreign bond tax case, *supra,* from the doctrine fully supported by the authorities listed above, but nearly every case which we have read in our original examination of this question, or which has been called to our attention by the briefs of counsel, regards the opinion of Justice Field in that case as upholding the general principle that personal property, consisting of mortgages and debts generally, owned by a nonresident of the state endeavoring to tax such property, "has no *situs* independent of the domicile of the owner." And until the same court which rendered that opinion declines to regard it as maintaining such a principle, we accept the general interpretation given to the language of Judge Field as the correct one, restricting its application, however, to mortgages in the possession of the owner.

The case of *Common Council* v. *Assessors,* 91 Mich. 78, cited by appellant, decided that the law of Michigan taxing mort-

gages owned by nonresidents was not unconstitutional. The statute of that state, however, expressly provided that any "mortgage by which a debt is secured, when land within this state is pledged, . . . . shall, for the purposes of assessment and taxation, be deemed and treated as an interest in the land so pledged." The court held that the legislature could give a *situs* to mortgages where the land was situated, treating them as interests in realty, though held by nonresidents. In distinguishing the case from the state tax decision, *supra*, the court say that the statute of Michigan " imposes a tax upon an interest in real estate as such," while the decision of the supreme court of the United States was, that a tax could not be imposed upon the bond itself which had a *situs* at the domicile of its owner. A careful examination, therefore, of the Michigan case demonstrates that the legislature, in the opinion of the court, had the power "to fix the *situs* for the purpose of taxation at the place of the location of the property mortgaged," and that real estate mortgages, for the purpose of taxation, could be treated as interests in lands.

The Oregon cases cited recognize a statute of that state similar to that of Michigan, and uphold its constitutionality.

But until the legislature passes such a law in Montana, it is unnecessary to inquire into its validity, for we are of opinion that in the revenue law of 1891 there is no provision giving a *situs* to mortgages owned by nonresidents as property within the state. The general rule must therefore control, and the case be determined adversely to plaintiff. (See above authorities.)

It may be that if, as a fact, notes and mortgages owned by nonresidents are actually within the state, and are controlled by the agents therein, who retain them and make the investments for the owners, such securities, under the present revenue laws, are subject to taxation in the hands of such agents as property in the state. That question is not before us.

But, as said before, the case at bar is not excepted from the general rule that "securities, such as mortgages and the like, are deemed to have no *situs* except that of the domicile of the owner," hence, are not subject to taxation in this state if the domicile of the owner is without the state.

From the foregoing views, it logically follows that the as-

sessor, having assessed property not within the state, and therefore not taxable, cannot recover his fees for such assessment. (*Herreman* v. *Showers,* 43 Me. 499; *Berry* v. *Commissioners,* 6 Mont. 121.)

The order overruling a motion for new trial and the judgment are affirmed.

*Affirmed.*

DE WITT, J., concurs.